**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

———————————————————————

**CLIFTON JACKSON**

                                        **Petitioner,**

                                                            **9:06-CV-00669**
                    **v.**                                  **(GLS/DEP)**

**T.R. CRAIG**

                                        **Respondent.**

———————————————————————

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

CLIFTON JACKSON
Petitioner, *Pro Se*
09481-055
Last Known Address:
FCI Ray Brook
P.O. Box 9004
Ray Brook, NY 12977

**GARY L. SHARPE**
**United States District Judge**

## ORDER

On June 7, 2006, Clifton Jackson filed a *pro se* petition for habeas

corpus.  *See Dkt. No. 1.* On October 24, 2006, the court sent a compliance

Order consistent with local practice in this district which warned Jackson

of his obligation to notify the court of any address change.  *See L.R.*

*10.1(b)(2)*.  Furthermore, he was warned that his failure to comply with this

rule could result in the dismissal of his action.  *See L.R. 41.2(b)*.  More

specifically, the court mailed him an order which provided, *inter alia*:

> **Petitioner is also required to promptly notify the Clerk's**
> **Office and counsel for the respondent of any change in his**
> **address; his failure to do same will result in dismissal of**
> **the action.**

*See Order, Dkt. No.  5* (emphasis in the original).

On October 30, 2006, Jackson's copy of the order was mailed to his

last known address and was returned as "Not Deliverable as Addressed -

Unable to Forward". *See Dkt. No. 6.*  This court has now ascertained that

Jackson was released on December 18, 2006.  *See Federal Bureau of*

*Prisons Inmate Locator*.  http://www.bop.gov/iloc2/LocateInmate.jsp

Accordingly, the court issued a December 5, 2006, order directing

Jackson to notify the court within fourteen days of his current address

and/or verify that his mailing address is as listed in the caption of this

2

order.  *See Dkt. No. 7.*  The court warned Jackson that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b).  Despite his knowledge of his obligation to apprise the court of his current address and the consequences of failing to do so, Jackson has not complied with the court's December 5 order.

Jackson's failure to provide this court with a change of  address warrants dismissal.  Local Rule 41.2(b) provides that the "failure to notify the court of a change of address in accordance with Local Rule 10.1(b) may result in dismissal."  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Courts in the Northern District of New York have dismissed law suits brought by *pro se* plaintiffs for failure to provide a current address.  *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*, 95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Jackson's habeas corpus is **DISMISSED** for failure to notify the court of his current address, for failure to prosecute, and for

3

failure to comply with this court's December 5 order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**Dated: January 8, 2007**
      **Albany, NY**

Gary L. Sharpe
U.S. District Judge